UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-242-FDW

| | |
|---|---|
| HARLEY HAMLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MARENDA PENLAND, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Motion for Appointment of Counsel, (Doc. No. 7).

I.  **BACKGROUND**

Pro se Plaintiff Harley Hamlin, a North Carolina state court inmate currently incarcerated at Lanesboro View Correctional Institution in Polkton, North Carolina, filed this action on September 15, 2014, pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise out of a sexual assault that allegedly occurred while he was a pre-trial detainee at the Transylvania County Jail. In his Complaint, Plaintiff names the following persons as Defendants, all alleged to be employees of the Transylvania County Jail at all relevant times: (1) Miranda Penland, Officer; (2) Eddie Lance, Captain; (3) Kris McCall, Lieutenant; and (4) Alesha Cantrell, Officer.

Plaintiff brings the following factual allegations in the Complaint:

Cpt. Eddie Lance is the Cpt. of the jail and it is his job and responsibility to see that every inmate in his jail is kept safe. I was sexually assaulted and threatened by one of his officers and when I reported this I was sent to another jail and put in segregation. Lt. McCall the Lt. of the jail, I strongly believe he knew what was

1

> happening and done nothing to stop the situation. There is video evidence proving my claim and when I asked for this I was told I would have to subpoena it in court, there are phone calls between me and Ms. Cantrell and again I was told I would have to subpoena them. Officer Maranda Penland, I talked to her and told her that this guard had been giving me sexual notes and we had been talking on the phone together. Her words were ["]don't get caught.["] I believe if she would have done her job and reported it the sexual assault would not have happened. "Former Officer" Ms. Alesha Cantrell, I had been threatened by her and put in two sexual situations while in jail, and scared if I reported it something could happen to me. Once she was fired or quit I reported what happened and was sent to another jail and put in segregation.

(Doc. No. 1 at 4). Plaintiff does not articulate what legal claims he is bringing. It appears that, as to Defendants Lance, McCall, and Penland, Plaintiff is attempt to bring an Eighth Amendment claim based on Defendants' failure to protect Plaintiff from an alleged sexual assault by Defendant Cantrell. As to Defendant Cantrell, Plaintiff appears to be alleging a state law claim against her for assault. In his prayer for relief, Plaintiff states that he would like for the Court to order "some type of mental health" for Plaintiff, that Defendants be "punished," and monetary damages. (Id.).

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.  DISCUSSION

#### A. Initial Review of Plaintiff's Claims

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The Supreme Court has held that prison officials' negligent failure to protect an inmate from assaults by other prisoners does not rise to the level of a constitutional violation. Davidson v. Cannon, 474 U.S. 344, 348 (1986). To show deliberate indifference, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. Danser v. Stansberry, No. 13-1828, 2014 WL 2978541, at *5 (4th Cir. Sept. 12, 2014). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The Court first finds that Plaintiff has not stated a claim for failure to protect against Defendants Lance, McCall, or Penland. First, as to Defendant Lance, the jail's Captain, Plaintiff does not allege any facts to show that Defendant Lance knew about a substantial risk of serious harm to Plaintiff. Plaintiff's sole basis for liability as to Defendant Lance is that Defendant

3

Lance is the jail captain "and it is his job and responsibility to see that every inmate in his jail is kept safe." (Doc. No. 1 at 5). Defendant Lance cannot be held liable for the alleged acts of the other officers because liability under § 1983 cannot be based on respondeat superior. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Thus, Plaintiff fails to allege an Eighth Amendment failure to protect claim against Defendant Lance.

Next, as to Defendant McCall, a lieutenant at the jail, Plaintiff alleges that he "strongly believe[s]" that Defendant McCall "knew what was happening and [did] nothing to stop the situation." Plaintiff's "strong belief" that Defendant McCall knew what was happening at the jail is not enough to allege that Defendant McCall was aware of a substantial risk of serious harm to Plaintiff. Thus, Plaintiff fails to allege an Eighth Amendment failure to protect claim against Defendant McCall.

As to Defendant Penland, an officer at the jail, Plaintiff alleges that he talked to Penland and told her that Defendant Cantrell had been giving Plaintiff sexual notes and that he and Cantrell had been talking on the phone together. Plaintiff's alleged response was "don't get caught." Here, by Plaintiff's own allegations, there is no indication that Penland was aware or should have been aware that Plaintiff was at substantial risk of serious harm. Rather, Plaintiff's allegations indicate that, although the conduct between Plaintiff and Cantrell was no doubt against prison regulations, Defendant Penland understood Plaintiff's statements to mean that the relationship between himself and Cantrell was consensual. Thus, Plaintiff has alleged no facts tending to show that Defendant Penland would have reason to believe that Plaintiff was at substantial risk of serious harm—that is, a sexual assault by Cantrell. In sum, Plaintiff fails to allege an Eighth Amendment failure to protect claim against Defendant Penland.

4

Finally, as to Defendant Cantrell, Plaintiff appears to be attempting to bring a claim against Cantrell for common law assault. This is a state law claim. Because the Court is dismissing the other three Defendants, the Court declines to exercise supplemental jurisdiction over this claim, and the Court will dismiss this action without prejudice to Plaintiff to bring a claim against Defendant Cantrell for assault in state court if he so wishes.

**IV. CONCLUSION**

In sum, the Complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed for failure to state a claim. See 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The action is dismissed without prejudice to Plaintiff to bring a claim against Defendant Cantrell for common law assault in state court.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 7), is **DENIED** as moot.

3. The Clerk is instructed to terminate this action.

Signed: October 31, 2014

Frank D. Whitney
Chief United States District Judge