**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-242-FDW**

| | |
|---|---|
| **HARLEY HAMLIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | <u>**ORDER**</u> |
| ) | |
| **MARENDA PENLAND, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend Complaint, Motion for Reconsideration re Order Dismissing Case and Clerk's Judgment, (Doc. No. 14).

Pro se Plaintiff Harley Hamlin is a North Carolina state court inmate, currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. Plaintiff filed this action on September 15, 2014, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants, all alleged to be employees of the Transylvania County Jail at all relevant times: (1) Miranda Penland, Officer; (2) Eddie Lance, Captain; (3) Kris McCall, Lieutenant; and (4) Alesha Cantrell, Officer. Plaintiff alleged in the Complaint that Defendant Cantrell sexually assaulted him while he was a pre-trial detainee at the jail, and the other Defendants failed to protect him. On October 31, 2014, this Court dismissed Plaintiff's claims against all of the Defendants based on failure to state a claim. As to Defendant Cantrell, the Court dismissed without prejudice Plaintiff's state law claim against her for sexual assault.

On November 14, 2014, Plaintiff filed the pending motion, which is in the nature of a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure. With regard

1

to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Amend Complaint, Motion for Reconsideration re Order Dismissing Case and Clerk's Judgment, (Doc. No. 14), is **DENIED**.

Signed: November 24, 2014

_____
Frank D. Whitney
Chief United States District Judge